

U.S. Department of Justice

*United States Attorney  
District of New Jersey*

970 Broad Street, 7th floor  
Newark, New Jersey 07102

973-645-2700

ADK/PL AGR

December 10, 2024

Laura Sayler, Esq.  
The Office of the Federal Public Defender  
1002 Broad Street  
Newark, New Jersey 07102

        Re:    <u>Rule 11(c)(1)(C) Plea Agreement with Valerio Pychnenko</u>

Dear Ms. Sayler:

      This letter sets forth the plea agreement between your client, Valerio Pychnenko ("PYCHNENKO"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on December 24, 2024, if it is not accepted in writing by that date. If PYCHNENKO does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from PYCHNENKO to a one-count Information, which charges PYCHNENKO with conspiracy to commit securities fraud between in or around February 2010 and in or around July 2015, contrary to Title 15, United States Code, Sections 78j(b) and 78ff and 17 C.F.R. § 240.10b-5, in violation of Title 18, United States Code, Section 371. If PYCHNENKO enters a guilty plea and is sentenced to a term of Probation on this charge (the "Stipulated Sentence"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against PYCHNENKO for his involvement in a scheme to defraud Marketwired L.P., PR Newswire Association LLC, Business Wire, their clients, and others ("Victim Newswire") by conspiring to hack into Victim Newswire's computer networks, steal confidential press releases containing material nonpublic information from the computer network before public release, and trade ahead of the material nonpublic information contained in the stolen press releases. But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force

and effect, this Office may reinstate any dismissed charges and initiate any other charges against PYCHNENKO even if the applicable statute of limitations period for those charges expires after PYCHNENKO signs this agreement, and PYCHNENKO agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, PYCHNENKO may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), PYCHNENKO will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which PYCHNENKO agrees to plead guilty carries a statutory maximum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and PYCHNENKO agree that a sentence within the Stipulated Sentence is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence PYCHNENKO to a term within the Stipulated Sentence.

Further, in addition to imposing any other penalty on PYCHNENKO, the sentencing judge as part of the sentence:

(1) will order PYCHNENKO to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order PYCHNENKO to pay restitution pursuant to 18 U.S.C. § 3663A;

(3) may order PYCHNENKO, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense; and

(4) may order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

Restitution

      Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, PYCHNENKO agrees to pay full restitution as determined by the Court to the victim of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victim for the losses sustained as a result of that offense.

Forfeiture

      As part of PYCHNENKO's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), PYCHNENKO agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds PYCHNENKO obtained that are traceable to the offense charged in the Indictment. PYCHNENKO further acknowledges one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant in an amount to be determined by the Court (the "Money Judgment"). PYCHNENKO consents to the entry of an order requiring PYCHNENKO to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to PYCHNENKO prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

      All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102

      PYCHNENKO further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

      PYCHNENKO waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. PYCHNENKO understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise PYCHNENKO of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. PYCHNENKO waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine

or punishment under the Eighth Amendment. PYCHNENKO further understands that PYCHNENKO has no right to demand that any forfeiture of PYCHNENKO's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon PYCHNENKO in addition to forfeiture.

PYCHNENKO further agrees that, not later than the date PYCHNENKO enters a guilty plea, PYCHNENKO will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If PYCHNENKO fails to do so, or if this Office determines that PYCHNENKO has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on PYCHNENKO by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of PYCHNENKO's activities and relevant conduct with respect to this case.

Stipulations

This Office and PYCHNENKO will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes the Stipulated Sentence, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, PYCHNENKO will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim PYCHNENKO pursues in an appropriate forum, when permitted by law, that PYCHNENKO received constitutionally ineffective assistance of counsel.

Immigration Consequences

PYCHNENKO understands that, if PYCHNENKO is not a citizen of the United States, PYCHNENKO's guilty plea to the charged offense will likely result in PYCHNENKO being subject to immigration proceedings and removed from the United States by making PYCHNENKO deportable, excludable, or inadmissible, or ending PYCHNENKO's naturalization. PYCHNENKO understands that the immigration consequences of this plea will be imposed in a separate proceeding

before the immigration authorities. PYCHNENKO wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause PYCHNENKO's removal from the United States. PYCHNENKO understands that PYCHNENKO is bound by this guilty plea regardless of any immigration consequences. Accordingly, PYCHNENKO waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. PYCHNENKO also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against PYCHNENKO. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

## No Other Promises

This agreement constitutes the entire plea agreement between PYCHNENKO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

S/Andrew Kogan

By:  Andrew Kogan
     Assistant U.S. Attorney

APPROVED:

Joshua L. Haber
Deputy Chief, Criminal Division

I have received this letter from my attorney, Laura Sayler, Esq., and it has been translated for me into ~~Russian~~ Ukrainian. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*V. PYCHNENKO*
Valeri Pychnenko        Date: 12.02.25.

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Laura Sayler, Esq.        Date: February 19, 2025
Counsel for Defendant

Rule 11(c)(1)(C) Plea Agreement With VALERI PYCHNENKO

Schedule A

This Office and VALERI PYCHNENKO agree to stipulate to the following fact: the offense involved losses of more than $150,000.

V. PYCHNENKO

12.02.25



Міністерство юстиції США

*Прокурор Сполучених Штатів Америки*
*Округ Нью-Джерсі*

*970 Брод Стріт, 7 поверх*          973-645-2700
*Ньюарк, Нью-Джерсі 07102*

ADK/PL AGR

10 грудня, 2024 р.

Лора Сейлер, есквайр
Офіс Федерального громадського захисника
1002 Брод Стріт
Ньюарк, Нью-Джерсі 07102

Стосовно: Правила 11(c)(1)(C) Угода про визнання вини з Валерієм Пичненком

Шановна пані Сейлер!

У цьому листі викладено угоду про визнання вини між вашим клієнтом, Валерієм Пичненком («ПИЧНЕНКО») та прокурором Сполучених Штатів Америки по округу Нью-Джерсі («цей Офіс»). Термін дії цієї пропозиції спливає 24 грудня 2024 року, якщо вона не буде прийнята в письмовій формі до цієї дати. Якщо ПИЧНЕНКО не прийме цю угоду про визнання вини, то в результаті розгляду, проведеного цим Офісом, його вирок може бути вищим, ніж той, що обговорюється в цій угоді про визнання вини.

Звинувачення

За умови дотримання наведених нижче положень і відповідно до Федерального правила кримінального судочинства 11(c)(1)(C), цей Офіс прийме визнання вини від ПИЧНЕНКА за одним пунктом звинувачення по Інформації, який інкримінує ПИЧНЕНКУ змову з метою вчинення шахрайства з цінними паперами в період приблизно з лютого 2010 року по липень 2015 року, в порушення Розділу 15 Кодексу Сполучених Штатів, Статті 78j(b) і 78ff, а також 17 Зводу федеральних правил [C.F.R.] § 240.10b-5, що є порушенням Розділу 18 Кодексу Сполучених Штатів, Стаття 371. Якщо ПИЧНЕНКО визнає свою вину і буде засуджений до випробувального [Probation] терміну за цим звинуваченням (далі – «Узгоджений вирок» [Stipulated Sentence]) та повністю виконає всі умови цієї угоди, цей Офіс не порушуватиме жодних подальших кримінальних звинувачень проти ПИЧНЕНКА за його участь у схемі шахрайства щодо Marketwired L.P., PR Newswire Association LLC, Business Wire, їхніх клієнтів та

- 1 -

інших («Жертва Newswire»), яка полягала у змові з метою зламу комп'ютерних мереж Жертви Newswire, викрадення з комп'ютерної мережі конфіденційних прес-релізів, що містили суттєву непублічну інформацію, до їх офіційного оприлюднення та випереджувальної торгівлі суттєвою непублічною інформацією, що містилася у викрадених прес-релізах. Але якщо визнання вини по цій справі не буде зроблене з будь-якої причини або якщо визнання вини чи обвинувальний вирок, винесений відповідно до цієї угоди, не залишиться в повній мірі чинним, цей Офіс може відновити будь-які зняті звинувачення та висунути будь-які інші звинувачення проти ПИЧНЕНКА, навіть якщо строк давності застосовний до таких звинувачень спливає після підписання ПИЧНЕНКОМ цієї угоди, і ПИЧНЕНКО погоджується не заявляти, що будь-які такі звинувачення мають строк давності.

Якщо Суд відхилить цю угоду про визнання вини, ПИЧНЕНКО може відкликати свою заяву про визнання вини. Незалежно від того, зробить він це чи ні, якщо Суд відхилить цю угоду про визнання вини, цей Офіс може вийти з неї. Якщо Суд відкладе рішення щодо прийняття угоди про визнання вини до перегляду довирокового звіту [presentence report] відповідно до Правила 11(c)(3)(A), ПИЧНЕНКО не буде клопотати про відкликання свого визнання вини, якщо і доки Суд не відхилить угоду про визнання вини.

<u>Винесення вироку</u>

Порушення Розділу 18 Кодексу законів США § 371, по якому ПИЧНЕНКО погоджується визнати себе винним, передбачає встановлене законом максимальне покарання у вигляді 5 років позбавлення волі та встановлений законом максимальний штраф, що дорівнює найбільшій з наступних сум: (1) 250 000 доларів США, (2) подвійній валовій сумі будь-якої матеріальної вигоди, яку будь-які особи отримали від злочину, або (3) подвійній валовій сумі будь-яких матеріальних збитків, понесених будь-якими жертвами злочину. На штрафи, призначені суддею, який виносить вирок, можуть нараховуватися відсотки.

Згідно з Правилом 11(c)(1)(C), цей Офіс та ПИЧНЕНКО погоджуються, що покарання у межах Узгодженого вироку [Stipulated Sentence] є належним вирішенням справи. Відповідно, якщо Суд прийме цю угоду про визнання вини, він зобов'язаний призначити ПИЧНЕНКУ покарання в межах Узгодженого вироку.

Крім того, на додаток до призначення будь-якого іншого покарання ПИЧНЕНКУ, суддя, що виносить вирок, як частину покарання:

(1)  зобов'яже ПИЧНЕНКА сплатити збір у розмірі 100 доларів США відповідно до Розділу 18 Кодексу законів США § 3013, який має бути сплачений до дати винесення вироку;

(2)   повинен наказати ПИЧНЕНКУ виплатити відшкодування збитків відповідно до Розділу 18 Кодексу законів США § 3663А;

(3)   може наказати ПИЧНЕНКУ, відповідно до Розділу 18 Кодексу законів США § 3555, надати обґрунтоване повідомлення та пояснення про засудження будь-яким жертвам його злочину; та

(4)   може наказати конфіскацію відповідно до Розділу 18 Кодексу законів США § 981(a)(1)(C) та Розділу 28 Кодексу законів США § 2461.

<u>Відшкодування збитків</u>

Згідно з Законом про обов'язкове відшкодування збитків потерпілим, відповідно до Розділу 18 Кодексу законів США § 3663А, ПИЧНЕНКО погоджується сплатити повне відшкодування збитків, визначене Судом, жертві злочину, за який його засуджено, або жертві схеми, змови чи систематичної злочинної діяльності, що лежить в основі цього злочину, у розмірі, який повністю компенсує жертві збитки, понесені в результаті цього злочину.

<u>Конфіскація</u>

У рамках визнання ПИЧНЕНКОМ відповідальності та відповідно до Розділу 18 Кодексу законів США § 981(a)(1)(C) та Розділу 28 Кодексу законів США § 2461(c), ПИЧНЕНКО погоджується передати у власність Сполучених Штатів усі свої права, майнові права і процентний прибуток у будь-якому майні, як нерухомому, так і рухомому, яке становить собою дохід або було отримане від доходів, які ПИЧНЕНКО здобув і які можна відстежити до злочину, інкримінованого в обвинувальному акті. ПИЧНЕНКО також визнає, що існує одна або більше умов, передбачених Розділом 21 Кодексу законів США § 853(p); і що Сполучені Штати Америки мають право на конфіскацію замінних активів, що дорівнюють вартості прибутків, отриманих підсудним, у розмірі, який має бути визначений Судом («Рішення про присудження грошової суми» [Money Judgement]). ПИЧНЕНКО погоджується на винесення судового наказу, який зобов'язує ПИЧНЕНКА сплатити Рішення про присудження грошової суми в описаному нижче порядку («Наказ»), і що Наказ буде остаточним щодо ПИЧНЕНКА до винесення вироку, відповідно до Правила 32.2(b)(4) Федеральних правил кримінального судочинства, який може бути виконаний повністю або частково за рахунок замінних активів.

Усі платежі, здійснені для повної або часткової сплати Рішення про присудження грошової суми, мають бути зроблені поштовим грошовим ордером [postal money order], банківським або сертифікованим чеком, виписаним у цьому випадку на Службу судових виконавчих приставів Сполучених Штатів [United States Marshals Service], із зазначенням імені і прізвища підсудного та номеру справи на лицьовому боці чека; і мають бути надіслані поштою до Офісу прокурора Сполучених Штатів, Округ Нью-Джерсі, отримувач: Підрозділ з

питань повернення активів та відмивання грошей, 970 Брод Стріт, 7-й поверх, Ньюарк, Нью-Джерсі 07102 [United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102].

  ПИЧНЕНКО також погоджується, що після набрання Наказом чинності цей Офіс може проводити будь-які заходи, необхідні для встановлення, визначення місцезнаходження або розпорядження майном, достатнім для повної сплати Рішення про присудження грошової суми, або у зв'язку з будь-якими петиціями, поданими стосовно доходів або замінних активів, включаючи допити під присягою, письмові запити на надання інформації, вимоги про надання документів та видачу судових повісток.

  ПИЧНЕНКО відмовляється від вимог пунктів 32.2 та 43(a) Федеральних правил кримінального судочинства стосовно повідомлення про конфіскацію в документі про звинувачення, оголошення про конфіскацію під час винесення вироку та включення питання конфіскації до судового рішення. ПИЧНЕНКО розуміє, що кримінальна конфіскація є частиною покарання, яка може бути призначена по цій справі, і відмовляється від будь-яких претензій щодо невиконання судом обов'язку повідомити ПИЧНЕНКА про це відповідно до пункту11(b)(1)(J) Федеральних правил кримінального судочинства, під час провадження про визнання вини. ПИЧНЕНКО відмовляється від усіх конституційних, законодавчих та інших оскаржень конфіскації на всіх підставах, включаючи те, що конфіскація є надмірним штрафом або покаранням відповідно до Восьмої поправки. ПИЧНЕНКО також розуміє, що ПИЧНЕНКО не має права вимагати, щоб будь-яка конфіскація активів ПИЧНЕНКА розглядалася як сплата будь-якого штрафу, відшкодування збитків, сплата витрат на позбавлення волі або будь-якого іншого покарання, яке Суд може накласти на ПИЧНЕНКА додатково до конфіскації.

  ПИЧНЕНКО також погоджується, що не пізніше дати, коли ПИЧНЕНКО визнає себе винним, ПИЧНЕНКО надасть повну та достовірну Декларацію про розкриття фінансової інформації [Financial Disclosure Statement] за формою, наданою цим Офісом. Якщо ПИЧНЕНКО не виконає цього або якщо цей Офіс визначить, що ПИЧНЕНКО навмисно не розкрив активи у Декларації про розкриття фінансової інформації, таке невиконання становитиме істотне порушення цієї угоди, і цей Офіс залишає за собою право, незалежно від будь-якої іншої угоди чи домовленості, що могли б застосовуватися в інакшому разі, заперечувати проти будь-якого зниження покарання за визнання відповідальності відповідно до Федеральних правил призначення покарань США [U.S.S.G.] § 3E1.1, а також звернутися до Суду з проханням про вихід з цієї угоди або вимагати іншого засобу судового захисту.

Права цього Офісу щодо винесення вироку

  Якщо іншого не передбачено цією угодою, цей Офіс може займати будь-

- 4 -

яку позицію щодо відповідного вироку, який має бути призначений ПИЧНЕНКУ суддею, що виносить вирок. Цей Офіс також може виправити будь-які неправильні твердження, пов'язані з процедурою винесення вироку, і надати судді, який виносить вирок, і Офісу пробації Сполучених Штатів усі закони та інформацію, що стосуються винесення вироку, незалежно від того, чи є він сприятливим чи ні. Цей Офіс також може поінформувати суддю, який виносить вирок, та Офіс пробації США про: (1) цю угоду; та (2) повний характер і обсяг діяльності ПИЧНЕНКА та відповідні діяння відносно цієї справи.

Домовленості

Цей Офіс і ПИЧНЕНКО під час винесення вироку зроблять узгоджені заяви, викладені в Додатку А, який є частиною цієї угоди про визнання вини. Обидві сторони розуміють, що суддя, який виносить вирок, і Офіс пробації Сполучених Штатів не зобов'язані дотримуватися цих домовленостей і можуть робити незалежні фактичні висновки, а також відхиляти будь-які або всі домовленості сторін. Крім того, ці домовленості не обмежують право сторін відповідати на запитання Суду та виправляти будь-яку неправильну інформацію, надану Суду.

    Ця угода про домовленість з боку цього Офісу ґрунтується на інформації та доказах, якими цей Офіс володіє на дату укладення цієї угоди. Таким чином, якщо до винесення вироку цей Офіс отримає або виявить додаткові докази чи інформацію, які, на його думку, суттєво суперечать домовленості в Додатку А, ця домовленість більше не буде обов'язковою для цього Офісу. Визначення того, що домовленість у Додатку А не є обов'язковою, не звільняє сторони від виконання інших частин цієї угоди, включаючи будь-які інші домовленості, представлені в Додатку А.

    Якщо суд, який ухвалює вирок, відхилить домовленість у Додатку А, обидві сторони залишають за собою право оспорювати в апеляційному порядку або під час проваджень після винесення вироку те, що суд зробив це обґрунтовано. Нарешті, якщо сторони не дійшли згоди щодо певного факту або правового висновку в цій угоді, кожна сторона залишає за собою право доводити, як цей факт або висновок має вплинути на вирок.

Відмова від прав на апеляцію та прав після винесення вироку

    Якщо Суд призначить Узгоджений вирок, жодна зі сторін не буде його оскаржувати. Крім того, за винятком випадків, зазначених у наступному параграфі, і в обмін на поступки, які зробив цей Офіс при укладанні цієї угоди про визнання вини, ПИЧНЕНКО не буде ніяким чином оскаржувати своє засудження або будь-яку складову свого вироку. Вираз «ніяким чином» включає пряму апеляцію відповідно до Розділу 18 Кодексу законів США § 3742 або Розділу 28 Кодексу законів США, клопотання про скасування вироку відповідно до Розділу 28 Кодексу законів США § 2255, клопотання про

зменшення терміну ув'язнення відповідно до Розділу 18 Кодексу законів США § 3582(c)(1)(B) або (c)(2), клопотання про дострокове припинення піднаглядного звільнення, відповідно до Розділу 18 Кодексу законів США § 3583(e)(1), а також будь-яку іншу апеляцію, клопотання, петицію чи звернення, незалежно від їхньої назви, які спрямовані на оскарження або зміну будь-якої складової вироку.

Обидві сторони залишають за собою право подавати будь-яку апеляцію, непряме заперечення судового рішення, звернення або клопотання, які не заборонені попереднім параграфом або будь-яким іншим положенням цієї угоди про визнання вини, або заперечувати на них. При цьому попередній параграф не поширюється на:

(1)  Будь-яке провадження про скасування строку піднаглядного звільнення.

(2)  Клопотання про скорочення строку позбавлення волі згідно з Розділом 18 Кодексу законів США § 3582(c)(1)(A).

(3)  Апеляцію на відмову у задоволенні клопотання згідно з § 3582(c)(1)(A) на тій підставі, що суд помилково не визнав наявності надзвичайних і переконливих обставин, які виправдовують скорочення строку ув'язнення, або що суд не розглянув ці обставини як дискреційне питання відповідно до застосовних факторів, передбачених Розділом 18 Кодексу законів США § 3553(a).

(4)  Будь-яку скаргу, яку ПИЧНЕНКО висуває у відповідному форумі, коли це дозволено законом, про конституційну неефективність юридичної допомоги, отриманої ПЕЧНЕНКОМ.

Імміграційні наслідки

ПИЧНЕНКО розуміє, що, якщо ПИЧНЕНКО не є громадянином Сполучених Штатів, визнання ПИЧНЕНКОМ своєї вини у вчиненні інкримінованого йому злочину, швидше за все, призведе до того, що він підлягатиме імміграційному провадженню і його буде вислано зі Сполучених Штатів шляхом депортації, позбавлення права в'їзду чи заборони в'їзду або припинення натуралізації ПИЧНЕНКА. ПИЧНЕНКО розуміє, що імміграційні наслідки цієї заяви про визнання вини будуть розглядатися імміграційними органами в рамках окремого провадження.

ПИЧНЕНКО висловлює бажання і погоджується визнати себе винним у висунутому йому звинуваченні незалежно від будь-яких імміграційних наслідків цього визнання, навіть якщо це визнання призведе до висилки ПИЧНЕНКА зі Сполучених Штатів. ПИЧНЕНКО розуміє, що ПИЧНЕНКО зобов'язаний дотримуватися цієї угоди про визнання вини незалежно від будь-

- 6 -

яких імміграційних наслідків. Відповідно, ПИЧНЕНКО відмовляється від будь-якого права оскаржувати визнання вини, вирок або і те, і інше на підставі будь-яких імміграційних наслідків. ПИЧНЕНКО також погоджується не намагатися відкликати цю заяву про визнання вини, не подавати пряму апеляцію або будь-яке інше непряме заперечення судового рішення, що оскаржує визнання вини, засудження або вирок, виходячи з будь-яких імміграційних наслідків заяви про визнання вини або винесення вироку.

Інші положення

Ця угода обмежується Офісом прокурора США по округу Нью-Джерсі і не може бути обов'язковою для інших федеральних, штатних або місцевих органів влади. Однак, у разі відповідного запиту, цей Офіс доведе цю угоду до відома інших органів прокуратури.

Ця угода була досягнута без урахування будь-яких цивільних чи адміністративних справ, які можуть бути на розгляді або можуть розпочатися в майбутньому проти ПИЧНЕНКА. Таким чином, ця угода не забороняє Сполученим Штатам, будь-якому їх відомству (включаючи Службу внутрішніх доходів і Службу імміграційного та митного контролю) або будь-якій третій стороні ініціювати або переслідувати будь-яке цивільне або адміністративне провадження проти нього.

<u>Відсутність додаткових обіцянок</u>

  Ця угода є повною угодою про визнання вини між ПИЧНЕНКО та цим Офісом і замінює собою будь-які попередні угоди між ними. Жодних додаткових обіцянок, угод чи умов не було і не буде, якщо вони не викладені в письмовій формі та не підписані сторонами.

З повагою,

ФІЛІП Р. СЕЛЛІНДЖЕР
Прокурор Сполучених Штатів

Підписано/Ендрю Коган

Ким: Ендрю Коган
   Помічник прокурора США

УЗГОДЖЕНО:

_____
Джошуа Л. Хабер
Заступник керівника кримінального відділу

Я отримав цього листа від мого адвоката, Лори Сейлер, есквайра, і він був перекладений для мене на російську мову. Ми з адвокатом розглянули та обговорили цю угоду та всі її положення, включаючи ті, що стосуються звинувачення, вироку, домовленостей (включаючи Додаток А, що докладається), відмови від прав, конфіскації, відшкодування збитків та імміграційних наслідків. Я розумію, що ця угода про визнання вини укладена відповідно до Федерального правила кримінального судочинства 11(c)(1)(C), і я приймаю ці умови. Я повністю розумію цей лист і мене задовольняють пояснення мого адвоката. Я приймаю його умови та визнаю, що він є угодою про визнання вини між сторонами. Я розумію, що жодних додаткових обіцянок, угод чи умов не було і не буде, якщо вони не викладені в письмовій формі та не підписані сторонами. Я хочу визнати себе винним відповідно до цієї угоди про визнання вини.

УЗГОДЖЕНО І ПРИЙНЯТО:

_____   Дата: 12.02.25
V. PYCHNENKO
Валерій Пічненко

Я переглянула і обговорила зі своїм клієнтом цю угоду про визнання вини та всі її положення, включаючи ті, що стосуються звинувачення, вироку, домовленостей (включаючи докладений Додаток А), відмови від прав, конфіскації, відшкодування збитків та імміграційних наслідків. Мій клієнт розуміє, що ця угода про визнання вини укладена відповідно до Федерального правила кримінального судочинства 11(c)(1)(C), і приймає її умови. Мій клієнт повністю розуміє цю угоду про визнання вини та бажає визнати свою вину відповідно до неї.

Дата:

_____
Лора Сейлер, есквайр
Адвокат підсудного

- 9 -

Правило 11(c)(1)(C) Угода про визнання вини з ВАЛЕРІЄМ ПИЧНЕНКОМ

Додаток А

Цей Офіс і ВАЛЕРІЙ ПИЧНЕНКО погоджуються спільно визнати наступний факт: правопорушення спричинило збитки на суму понад 150 000 доларів США.

*V. PYCHNENKO*
*12.02.25*

- 10 -